JUDGE RAKOFF

# 08 CIV 4241

CLOSED

## U.S. District Court
## Eastern District of New York (Brooklyn)
## CIVIL DOCKET FOR CASE #: 1:07-cv-05260-FB-VVP

| | |
|---|---|
| Quinones v. Forkins et al | Date Filed: 12/18/2007 |
| Assigned to: Senior Judge Frederic Block | Date Terminated: 05/02/2008 |
| Referred to: Magistrate Judge Viktor V. Pohorelsky | Jury Demand: Both |
| Cause: 28:1441 Petition for Removal- Tort/Motor Vehicle ( | Nature of Suit: 350 Motor Vehicle |
| | Jurisdiction: Diversity |

**Plaintiff**

**Amy Quinones**                                represented by **Michael David**
                                                Michael N. David
                                                82 Wall Street
                                                New York, NY 10005
                                                212-363-1997
                                                Fax: 212-742-9869
                                                Email: mdneglaw@aol.com
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Patrick Forkins**                             represented by **Alison D. Metzler**
                                                Downing & Peck, P.C.
                                                5 Hanover Square
                                                New York, NY 10004
                                                (212) 514-9190
                                                Fax: (212) 514-9241
                                                Email: alisonmetzler@mindspring.com
                                                *LEAD ATTORNEY*

U.S. DISTRICT COURT
FILED
MAY 05 2008
S.D. OF N.Y.

**John M. Downing**
Downing & Peck, P.C.
5 Hanover Square
20th Floor
New York, NY 10004
(212) 514-9190
Fax: (212) 514-9241

A TRUE COPY
ATTEST 5/02-20 08
DATE
ROBERT C. HEINEMANN
CLERK
BY
DEPUTY CLERK

A CERTIFIED COPY jr@aol.com
J. MICHAEL McMAHON,                             CLERK

BY _____
DEPUTY CLERK

5/2/2008 1:30 PM

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Blanche Forkins**                          represented by **Alison D. Metzler**
                                             (See above for address)
                                             *LEAD ATTORNEY*

                                             **John M. Downing**
                                             (See above for address)
                                             *LEAD ATTORNEY*
                                             *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 12/18/2007 | 📄 1 | NOTICE OF REMOVAL from the Supreme Court of the State of New York, Kings County by Patrick Forkins, Blanche Forkins ( Filing fee $ 350) (Attachments: # 1 Civil Cover Sheet) (Bowens, Priscilla) (Entered: 12/19/2007) |
| 12/18/2007 | 📄 2 | DISCLOSURE of Interested Parties by Patrick Forkins, Blanche Forkins. (Bowens, Priscilla) (Entered: 12/19/2007) |
| 12/19/2007 | 📄 3 | AFFIDAVIT of Service *of Notice of Removal*, filed by Patrick Forkins, Blanche Forkins. (Metzler, Alison) (Entered: 12/19/2007) |
| 12/27/2007 | 📄 4 | SCHEDULING ORDER: Order scheduling initial conference and deadline for automatic disclosures. Ordered by Magistrate Judge Viktor V. Pohorelsky on 12/27/07. (ATTACHMENT) (Newton, Joan) (Entered: 12/27/2007) |
| 12/31/2007 | 📄 5 | ANSWER to Complaint by Patrick Forkins, Blanche Forkins. (Metzler, Alison) (Entered: 12/31/2007) |
| 01/28/2008 | 📄 6 | MINUTE ENTRY for proceedings held before Magistrate Judge Viktor V. Pohorelsky:Initial Scheduling Conference Hearing held on 1/28/2008. See annexed conference calendar for details. (Newton, Joan) (Entered: 01/28/2008) |
| 02/01/2008 | 📄 7 | Letter *to Honorable Frederic Block* by Patrick Forkins, Blanche Forkins (Metzler, Alison) (Entered: 02/01/2008) |
| 02/01/2008 | 📄 | ELECTRONIC NOTICE: Plaintiff's shall file a reply by February 5, 2008 to defendant's letter dated 1/30/08 requesting that this case be transferred to the Southern District of New York. If plaintiff consents then counsel shall file a stipulation to have this case transferred. If plaintiff does not consent, then the court will process defendant's letter as a request for a pre-motion conference and the Court will issue an ECF notice scheduling such a conference. There will be no formal notice mailed to counsel. (Innelli, Michael) (Entered: 02/01/2008) |

| 02/14/2008 | 8 | ELECTRONIC NOTICE: Since plaintiff has failure to respond to the Courts electronic notice of 2/1/08 requesting a reply to defendant's letter dated 2/1/08 seeking a transfer of this case to the SDNY. A pre motion conference is schedule for March 28, 2008 @ 11AM. There will be no formal notice mailed to counsel. Upon receipt of this email counsel shall confirm with each other the date and time of this conference. If this date presents a conflict counsel shall first obtain the consent from all the parties to adjourn this conference, and then notify the Court which conducts these conference on Fridays at 11AM. (Innelli, Michael) (Entered: 02/14/2008) |
|---|---|---|
| 03/28/2008 | 9 | Minute Entry for proceedings held before Senior Judge Frederic Block:Pre Motion Conference held on 3/28/2008. Case called. All counsel present. Pltff's counsel will submit stipulation as to transfer of venue to SDNY. Counsel is encouraged to continue to talk settlement. (Abdallah, Fida) (Entered: 04/04/2008) |
| 05/02/2008 | 10 | ORDER: Case transferred to District of New York - Southern. Original file, certified copy of transfer order, and docket sheet sent. Ordered by Senior Judge Frederic Block on 5/1/2008. (Lee, Tiffeny) (Entered: 05/02/2008) |
| 05/02/2008 | 11 | AFFIDAVIT of Service - Case File to SDNY. (Attachments: # 1 FedEx Tracking No. 861943299540) (Lee, Tiffeny) (Entered: 05/02/2008) |

JDJ/mh
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------X
AMY QUINONES,                                    **NOTICE OF**
                                                 **REMOVAL**
                                                 CV 07      5260
                        Plaintiff,

        -against-            BLOCK, J.            **Supreme Court,**
                                                 **Kings County**
PATRICK FORKINS and         POHORELSKY, M.J.     Index No.:
BLANCHE FORKINS,                                 **43236/07**

                        Defendants.
-------------------------------------------X

S I R S :                                        DEC 18 2007
                                                 BROOKLYN OFFICE
        PLEASE TAKE NOTICE, that the within is a true copy of a

Notice of Removal filed in the above named Court.

        1.      This action is being removed from Supreme Court,

Kings County to the United States District Court for the

Eastern District of New York.

        2.      The basis for removal is 28 U.S.C. §1441(b).

        3.      The Court has original jurisdiction pursuant to 28

U.S.C. §1332(a) in that the plaintiff, AMY QUINONES, resides

at 275 Country Club Lane, Pomona, New York 10970 and is a

citizen of New York; and defendants, PATRICK FORKINS and

BLANCHE FORKINS, reside at 250 Orchard Drive Mahwah, New

Jersey 07430 and are citizens of New Jersey; and the matter in

controversy exceeds the sum or value of $75,000.00 exclusive

of interest and costs.

Dated:      New York, New York
            December 14, 2007

                                DOWNING & PECK, P.C.

                        BY:     _____
                                JOHN M. DOWNING, JR. - 2518
                                Downing & Peck, P.C.
                                Attorneys for Defendants
                                5 Hanover Square - 20th Floor
                                New York, New York 10007
                                212-514-9190
                                File #: 3.1162

TO:    MICHAEL N. DAVID
       Attorney for Plaintiff
       82 Wall Street
       New York, New York 10005
       212-363-1997

%JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

CV 07 5260

| I. (a) **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Amy Quinones | Patrick Forkina & Blanche Forkins |
| 275 Country Club Lane | 250 Orchard Drive |
| Pomona, New York 10970  Rockland County,NY | Mawah, New Jersey 07430 Bergen County, N.J. |

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**BLOCK, J.**    **POHORELSKY, M.J.**

U. DISTRICT COURT E.D.N.Y.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Michael N. David, 82 Wall Street
New York, New York 10005, 212-363-1997

Attorneys (If Known)
Downing & Peck, P.C. DEC 10 2007 Hanover Square - 20thFL
New York, New York 10004, 212-514-9190

BROOKLYN OFFICE

| II. BASIS OF JURISDICTION (Place an "X" in One Box Only) | | III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff |
|---|---|---|
| | | (For Diversity Cases Only)    and One Box for Defendant) |

| | | | | | | PTF | DEF | | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question (U.S. Government Not a Party) | Citizen of This State | | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | | ☐ 4 | ☐ 4 |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity (Indicate Citizenship of Parties in Item III) | Citizen of Another State | | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | | ☐ 5 | ☐ 5 |
| | | | | Citizen or Subject of a Foreign Country | | ☐ 3 | ☐ 3 | Foreign Nation | | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

| V. ORIGIN (Place an "X" in One Box Only) | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332 & 28 U.S.C. 1441
Brief description of cause:
Action for money claims for personal injuries;negligence

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** More than $75,000.00 | CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes  ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instructions): | JUDGE | DOCKET NUMBER |
|---|---|---|---|

DATE                    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE  FB    MAG. JUDGE  VVP

07CV5260

## ARBITRATION CERTIFICATION

I,_____, counsel for _____ _____do hereby
certify pursuant to the Local Arbitration Rule 83.10 that to the best of my knowledge and belief the damages
recoverable in the above captioned civil action exceed the sum of $150,000 exclusive of interest and costs.
_____ Relief other than monetary damages is sought.

## DISCLOSURE STATEMENT – FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

_____

### Please refer to NY-E Division of Business Rule 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District of New York removed from a New York State court located
in Nassau or Suffolk County: ____NO____

2.) If you answered "no" above:

a.) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau
or Suffolk County? ____NO____

b.) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the
Eastern District? ____NO____

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than
one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the
claimants, if there is more than one) reside in Nassau or Suffolk County? ____NO____

(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

**I am currently admitted in the Eastern District of New York and currently a member in good standing of the
bar of this court.**

Yes____X____          No_____

**Are you currently the subject of any disciplinary action(s) in this or any other state or federal court?**

Yes_____(If yes, please explain)          No___X___

_____

Please provide your E-MAIL Address and bar code below. Your bar code consists of the initials of your first and last
name and the last four digits of your social security number or any other four digit number registered by the attorney
with the Clerk of Court.
(This information must be provided pursuant to local rule 11.1(b) of the civil rules).

**ATTORNEY BAR CODE:** ____2518____

**E-MAIL Address:** ____downing@aol.com____   DOWNINGJR@AOL.COM

I consent to the use of electronic filing procedures adopted by the Court in Administrative Order No. 97-12, "In re
Electronic Filing Procedures(EFP)", and consent to the electronic service of all papers.

Signature: _____

JDJ/mh
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
AMY QUINONES,

                               **RULE 7.1**
                               **STATEMENT**
               Plaintiff, **CV 07- 5260**

      -against-

PATRICK FORKINS          **BLOCK, J.**
and BLANCHE FORKINS,
          **POHORELSKY, M.J.**
              Defendants         DEC 1 8 2007
------------------------------------------X      BROOKLYN OFFICE

      Pursuant to Rule 7.1 FRCP, defendants, PATRICK FORKINS

and BLANCHE FORKINS, identify the following parent corporation

and any publicly held corporation that owns 10% or more of its

stock:

      The defendants are not corporate parties subject to the

requirements of Rule 7.1.  They are individuals, sued in their

capacity as individuals only..

Dated:     New York, New York
          December 14, 2007

                      DOWNING & PECK, P.C.

                BY:

                      JOHN M. DOWNING, JR. - 2518
                      Downing & Peck, P.C.
                      Attorneys for Defendants
                      5 Hanover Square - 20th Floor
                      New York, New York 10007
                      212-514-9190
                      File #: 3.1162

TO:   MICHAEL N. DAVID
      Attorney for Plaintiff
      82 Wall Street
      New York, New York 10005
      212-363-1997

```
JDJ/mh
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
```

AMY QUINONES,                                    **AFFIDAVIT OF**
                                                 **SERVICE**

                              Plaintiff,         **O7-CV-5260**

       -against-


PATRICK FORKINS and
BLANCHE FORKINS,
                         Defendants.
---------------------------------------X

STATE OF NEW YORK   )
COUNTY OF NEW YORK  ) ss.:

MEGHAN HOOD, being duly sworn, deposes and says:  I am not a party
of this action, I am over 18 years of age, and I reside in Staten
Island, New York.

That on December 19, 2007, deponent personally served a copy of the
**NOTICE OF REMOVAL** upon:

TO:  MICHAEL N. DAVID        Attention: Clerk of the Court
     Attorney for Plaintiff  Supreme Court, Kings County
     82 Wall Street          360 Adams Street
     New York, New York 10005 Brooklyn, New York 11201
     212-363-1997

by depositing a true copy of same in a post-paid properly addressed
wrapper, in an official depository under the exclusive care and
custody of the United States Postal Service within the State of New
York.

                                   _____/s/_____
                                   MEGHAN HOOD

STATE OF NEW YORK   )
COUNTY OF NEW YORK  )  ss.:

On the 19th day of December in the year 2007 before me, the
undersigned, a Notary Public in and for said State, personally
appeared MEGHAN HOOD, personally known to me or proved to me on the
basis of satisfactory evidence to be the individual whose name is
subscribed to the within instrument and acknowledged to me that
he/she executed the same in his/her capacity, and that by his/her
signature on the instrument, the individual, or the person upon
behalf of which the individual acted, executed the instrument.

                                   _____/s/_____
                                   Notary Public

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
AMY QUINONES,

                                                    **ORDER**
                   Plaintiff,                CV 07-5260 (FB)(VVP)

      - against -

PATRICK FORKINS, et al.,

                         Defendants.
----------------------------------------------------------------------X

        An initial conference will be held in this case on **January 28, 2008** at **10:00 a.m.** before Viktor V. Pohorelsky, United States Magistrate Judge.  All participants are directed to report to Courtroom 13A of the United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York.  All counsel must be present.

        All requests for adjournments must be made in writing on notice to opposing parties.  No request for adjournment will be considered unless made at least forty-eight (48) hours before the scheduled conference.  Requests must disclose whether or not all parties consent to the adjournment.

        The parties are reminded of their obligations under Rule 26(f) of The Federal Rules of Civil Procedure, and all parties are directed to make the disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure no later than ***five days before*** the above scheduled conference.

        **Failure to make the required disclosures may result in the imposition of sanctions pursuant to Rule 37(b) of the Federal Rules of Civil Procedure.**

                                **SO ORDERED.**

                                *Viktor V. Pohorelsky*
                                VIKTOR V. POHORELSKY
                                United States Magistrate Judge

Dated: Brooklyn, New York
        December 27, 2007

**NOTE:**        **DEFENDANT'S COUNSEL IS DIRECTED TO CONFIRM WITH ALL OTHER ADVERSARIES THAT ALL NECESSARY PARTIES ARE AWARE OF THIS CONFERENCE.**

JDJ/mh
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X        **ECF CASE**
AMY QUINONES,

                                                 **VERIFIED**
                                                 **ANSWER**
                      Plaintiff,

                                                 **O7-CV-5260**
      -against-

                                                 **DEFENDANTS DEMAND**
PATRICK FORKINS                                  **TRIAL BY JURY**
and BLANCHE FORKINS,

                            Defendants
---------------------------------------X


     Defendants, PATRICK FORKINS and and BLANCHE FORKINS, by

their attorneys, DOWNING & PECK, P.C., answering the verified

complaint herein, respectfully sets forth and alleges as follows:

                 **AS AND FOR A FIRST CAUSE OF ACTION**

1.    Deny knowledge and information sufficient to form a belief as

      to each and every allegation contained in paragraphs 1 and 10

      of said complaint, and refers all questions of law to the

      Court.

2.    Admit each and every allegation contained in paragraphs 2 and

      3 of said complaint.

3.    Deny knowledge and information sufficient to form a belief as

      to each and every allegation contained in paragraphs 4, 5, 6,

      and 7 of said complaint.

4.    Deny each and every allegation contained in paragraphs  8, 9,

      11, 12, and 13 of said complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

5.   Repeat and reiterates each and every denial and response to the allegations set forth in paragraphs 1 through    of the Complaint with the same force and effect as if set forth at length herein.

6.   Deny knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph 15 of said complaint.

7.   Deny each and every allegation contained in paragraph 16 of said complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

8.   The Court lacks personal jurisdiction over the defendant due to improper service of process.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

9.   The venue chosen by plaintiff's is incorrect.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

10.  Plaintiffs have not sustained a serious injury. as defined by the New York State Insurance Law and, therefore, is barred from recovery herein

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

11.  That the aforesaid motor vehicle in which plaintiffs were passengers at the time of the accident alleged in the plaintiffs' complaint was equipped with seat belts and the plaintiffs, through their own carelessness, neglect and fault, failed to avail themselves of said seat belts and failed to

use same to protect themselves from injury.  If plaintiffs had made use of the seat belts provided for their protection, they would not have sustained any injuries or their injuries would have been less severe.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

12.  The plaintiff's damages must be reduced in accordance with the comparative negligence of plaintiff.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

13.  Plaintiff failed to name a necessary party.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

14. Plaintiff failed to mitigate damages.

WHEREFORE, the answering defendant demands judgment dismissing the complaint herein, together with the costs and disbursements of this action.

Dated:    New York, New York
          December 26, 2007

                    DOWNING & PECK, P.C.


          BY:    _____/s/_____
                 JOHN M. DOWNING, JR. - 2518
                 Downing & Peck, P.C.
                 Attorneys for Defendants
                 5 Hanover Square - 20th Floor
                 New York, New York 10007
                 212-514-9190
                 File #: 3.1162

TO:  MICHAEL N. DAVID
     Attorney for Plaintiff
     82 Wall Street
     New York, New York 10005
     212-363-1997

## <u>VERIFICATION</u>

STATE OF NEW YORK    )

COUNTY OF NEW YORK   )     ss.:

I, the undersigned, an attorney duly admitted to practice in the courts of New York State, state that I am JOHN M. DOWNING, JR., attorney of record for defendants, PATRICK FORKINS and and BLANCHE FORKINS, in the within action; I have read the foregoing ANSWER and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true.  The reason this verification is made by me and not by said defendant is because said defendant is not presently in the County of New York wherein I maintain my office.

The grounds for my belief as to all matters not stated upon my own knowledge are as follows:  Investigations, reports, etc.

Dated:    New York, New York
          December 26, 2007


_____/s/_____
JOHN M. DOWNING, JR. - 2518

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
AMY QUINONES,

                 Plaintiff,

          - v -

PATRICK FORKINS, et al.,

                Defendants.
-----------------------------------------------------------------x

**SCHEDULING ORDER**

CV-07-5620 (FB)(VVP)

**APPEARANCES:**

     Plaintiff:     Michael N. David, Esq.
     Defendant:   John Downing, Esq.

The above numbered matter having been referred to the undersigned for pretrial supervision and the preparation of the scheduling order required by Rule 16(b) of the Federal Rules of Civil Procedure, and a scheduling conference having been held with the parties, the following schedule is hereby established:

1.     **FACTUAL DISCOVERY**

     a)     Initial disclosures required by Rule 26(a)(1) have been made;

     b)     All discovery of factual matters is to be completed by July 31, 2008;

     c)     No requests for admissions, document requests or interrogatories may be propounded after June 20, 2008;

     d)     The above deadlines will not be extended unless the party seeking the extension makes a compelling showing that discovery could not be completed because of unforeseeable circumstances beyond that party's control.

2.     **EXPERT DISCOVERY**

     a)     Any party that will seek to introduce expert testimony in its case-in-chief shall identify each expert by name and area of expertise no later than June 15, 2008;

     b)     All disclosures required by Rule 26(a)(2) with respect to case-in-chief experts shall be provided by July 31, 2008 (such disclosures are not required for treating

-1-

physicians and other providers of medical or psychotherapeutic services who were retained without a referral from counsel and who will be called to testify solely about their diagnoses and treatment);

c)      As to experts who will be called solely to rebut expert testimony offered by other parties, all disclosures required by Rule 26(a)(2) shall be provided by August 31, 2008;

d)      Depositions of experts may be taken at any time provided they are completed at least 30 days before trial.

**3.      MOTIONS**

a)      Motions to compel discovery or to resolve other non-dispositive pretrial disputes shall be made by letter in accordance with Local Civil Rule 37.3.  No such motion will be entertained without a written certification that counsel have attempted to confer in good faith either by telephone or in person in an effort to resolve the dispute.  **All such motions shall be made promptly after the dispute has arisen and no later than ten days after the expiration of the factual discovery deadline;**

b)      Motions to join new parties are not contemplated;

c)      Motions to amend pleadings to add claims or defenses shall be filed by April 30, 2008;

d)      The deadline for requesting a premotion conference for making dispositive motions is August 21, 2008.  Any such motions shall be addressed to, and shall be made in accordance with the individual rules of practice of, the judge to whom the case is then assigned for trial.

**4.      CONFERENCES AND OTHER MATTERS**

a)      A status conference will be held by telephone on **May 2, 2008 at 2:15 p.m.**, to be initiated by counsel for the plaintiff (Chambers: 718-613-2400);

b)      A pretrial conference will be held before the undersigned on **September 5, 2008 at 10:00 a.m.**.  A pretrial order, signed by counsel for all parties, shall be presented to the court at the pretrial conference. The pretrial order must comply with the requirements of the trial judge then assigned to the case;

c)      The pretrial order shall be prepared as follows: not later than 20 calendar days before the pretrial conference, the plaintiff shall serve a working draft of the pretrial order on all parties; not later than 10 calendar days before the pretrial

conference, all other parties shall serve working counter-drafts of the pretrial order on all parties; not later than 3 calendar days before the pretrial conference all parties shall meet and confer at the office of plaintiff's counsel to complete the final pretrial order;

d)    <u>As meaningful settlement discussions will occur at the above-scheduled pretrial conference, clients or other persons with full settlement authority must be available by telephone</u>.

SO ORDERED:

*Viktor V. Pohorelsky*

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:    Brooklyn, New York
          January 28, 2008

-3-

January 30, 2008

Honorable Frederic Block
United District Court
225 Cadmen Plaza
East Brook, New York 11201

      **Re:  Amy Quinones v.**
          **Patrick Forkins and Blanche Forkins**
          **CV#: 075260**
          **Our File #: 31162**
          **D/Accident: 7/18/07**

Dear Honorable Sir:

We represent the defendants herein.

The action arises out of a two-vehicle accident of July 18, 2007 in Clarkstown, Rockland County, New York.

Plaintiff Amy Quinones resides in Pomona, Rockland County, New York.  Defendants reside in Mahwah, Bergen County, New Jersey.

Enclosed please find a copy of the police report and summons and complaint herein.

The action was removed by defendants pursuant to 28 U.S.C. § 1441 and 28 U.S.C § 1332.

The plaintiff herein demands $2,000.000.00 in damages.

The plaintiff should have commenced the action in Supreme Court, Rockland County (pursuant to New York Civil Practice Law & Rule § 503(a)) or in the United States District Court for the Southern District of New York.

**Re:  Amy Quinones v.**                                        **January 30, 2008**
**    Patrick Forkins and Blanche Forkins**                        **page 2**

In any event, the plaintiff incorrectly filed it in Supreme
Court, Kings County from whence it was removed by the defendants
to the United States District Court, Eastern District.

Defendants respectfully request that the action be transferred to
the United States District Court, Southern District of New York
pursuant to 28 U.S.C. 1391(a)(2)(venue should be in a judicial
district in which a substantial part of the events or omissions
giving rise to the claim occurred ...)

Kindly advise if your Honor wishes us to appear for a hearing on
this issue or whether the court requests a formal motion, or of
any other requirements you may have.

                                    Very truly yours,

                                    DOWNING & PECK, P.C.

                                       /s/

                                    JOHN M. DOWNING, JR.

JDJ/de
cc: Mr. Michael David
    82 Wall Street
    New York, New York 10005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------
Amy Quinones,
                        Plaintiff,
                                                                NOTICE

  -vs-


Patrick Forkins, et. al.,                              CV-07-5260(FB) (VVP)
                        Defendant.


-------------------------------------------------------


        A pre-motion conference in the captioned case is scheduled for <u>March 28, 2008</u> <u>at 11:00AM</u> before Judge Frederic Block in courtroom 10C, 10th floor-. Upon receipt of this notice, counsel are to consult and confirm with one another the date and time of this pre-motion conference.

        The Court expects the parties to be conversant with the underlying facts and prepared to discuss the legal issues arising therefrom.  The parties are reminded that they are obligated to discuss the prospect of settlement and may be required to provide the Court with a report of such discussions. Counsel who are located out of town and would like to participate by telephone shall contact the Court's case manager 48 hours in advance of the conference with counsel's name and telephone number, since the Court will be calling counsel.

        Counsel are instructed to review Judge Block's individual practices located on the Court's website at www.nyed.uscourts.gov.

        The clerk is directed to mail copies of this notice to all parties.


DATED: Brooklyn, New York
          February 14, 2008


                                        _____
                                        MICHAEL J. INNELLI
                                        CASE MANAGER
                                          (718) 613-2425

**CIVIL CAUSE FOR** *Pre Motion Conference*

**BEFORE BLOCK. J..**    3/28/08·    **TIME:** *20 min.*

**CV-** *07-5260*

**TITLE:**    *Amy Quinones -vs- Patrick Forkins et. al.*

**PLTFFS ATTY:**    *Michael David*

X **present**    ___ **not present**

___ **present**    ___ **not present**

___ **present**    ___ **not present**

**DEFTS ATTY:**    *Alison D. Metzler*

X **present**    ___ **not present**

___ **present**    ___ **not present**

___ **present**    ___ **not present**

**REPORTER** *NOT REPORTED*  **COURTROOM DEPUTY MJI**

**OTHER:** _____

X    **CASE CALLED.**

___    **Conf. adj'd to** _____

*All counsel present. Plaintiff's counsel will submit stipulation as to transfer of venue to SDNY. Counsel is encouraged to continue to talk settlement.*

ADM:JM
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X

AMY QUINONES,                                          **STIPULATION**

                          Plaintiff,

        -against-                                      **07-CV-5260**

PATRICK FORKINS
and BLANCHE FORKINS,

                          Defendants
-------------------------------------X

        IT IS HEREBY STIPULATED AND AGREED, by and between the

undersigned, the attorneys of record for all the parties to

the above-entitled action, that whereas no party hereto is

an infant, incompetent person for whom a committee has been

appointed or conservatee and no person nor a party has an

interest in the subject matter of the action, the above

entitled action be transferred from the United States

District Court, Eastern District of New York to the United

States District Court for the Southern District of New York

located in White Plains, New York.

Dated:  New York, New York
        March 31, 2008


_____              _____
MICHAEL N. DAVID, ESQ.                   ALISON D. METZLER - 3193
Attorney for Plaintiff                   DOWNING & PECK, P.C.
82 Wall Street                           Attorneys for Defendants
New York, New York 10005                 5 Hanover Square, 20th Fl
212-363-1997                             212-514-9190

                    s/Frederic Block
So Ordered_____
                Honorable Frederic Block
                        3|11|08

# UNITED STATES DISTRICT COURT
## Eastern District of New York

**Robert C. Heinemann**
**Clerk**

**Brooklyn Office:**
**225 Cadman Plaza East**
**Brooklyn, New York 11201**

**Terry Vaughn**
**Chief Deputy of Operations**

**Long Island Office:**
**100 Federal Plaza**
**Central Islip, New York 11722**

**Douglas Palmer**
**Chief Deputy of Automation**

May 2, 2008

District Clerk
120 Daniel Patrick Moynihan
United States Courthouse
500 Pearl  Street
New York, New York 10007-1312

Re:     Quinones  v. Forkins, et al.
        1:07-CV-5260(FB)

Dear Clerk:

As per the Order transferring jurisdiction of the above referenced defendant to the District of New York - Southern, the following documents are enclosed:

_____          Certified Copy of  Transfer Order/ (Prob 22)

_____          Certified Copy of J&C/Indictment

_____          Certified Docket Sheet

_____          Entire File

_____          Other:_____

_____          Kindly acknowledge receipt of the above-cited documents on the enclosed copy
                 of this letter as well as the new case number issued in your District. Please return
                 said copy to our Brooklyn Office.

Sincerely yours
Robert C. Heinemann, Clerk of Court
By:

Tiffeny Lee

**FedEx Express ® US Airbill**

Tracking Number: 8679 4329 9540

From
Date 5/22/08
Sender's FedEx Account Number 1506-2078-1
Sender's Name T. Lee
Company US DISTRICT COURT
Address 225 CADMAN PLZ E RM 118S
City BROOKLYN   State NY   ZIP 11201-1818
Phone (718) 613-2610

2 Your Internal Billing Reference
07CV 5200 (FB)

3 To
Recipient's Name Clerk
Company USDC/SDNY
Address 500 Pearl Street
120 Daniel Patrick Moynihan US Courthouse
City New York   State NY   ZIP 10007-1312

4a Express Package Service
☐ FedEx Priority Overnight
☐ FedEx Standard Overnight
☐ FedEx First Overnight
☐ FedEx 2Day
☐ FedEx Express Saver

4b Express Freight Service
☐ FedEx 1Day Freight
☐ FedEx 2Day Freight
☐ FedEx 3Day Freight

5 Packaging
☐ FedEx Envelope  ☐ FedEx Pak  ☐ FedEx Box  ☐ FedEx Tube  ☐ Other

6 Special Handling
☐ SATURDAY Delivery
HOLD Weekday / HOLD Saturday
Does this shipment contain dangerous goods?
☐ No  ☐ Yes  ☐ Dry Ice  ☐ Cargo Aircraft Only

7 Payment Bill to:
☐ Sender  ☐ Recipient  ☐ Third Party  ☐ Credit Card  ☐ Cash/Check

Total Packages   Total Weight   Total Declared Value $ .00

8 Residential Delivery Signature Options
☐ No Signature Required  ☐ Direct Signature  ☐ Indirect Signature

519

Sender's Copy
0361987530